The opinion of the court was delivered by
McEnery, J.
The judgment appealed from decreed a partition by Imitation, and the seed cane was recognized as plaintiff’s property, with the right reserved to him to have it sold separately from the property and to appropriate the proceeds, or to take possession of the cane, at his option. The claim for compensation of the stubble was rejected.
The record shows that it is impracticable for a division in kind to be made. A division of this kind wonld give all the buildings to plaintiff, as they are located on the lower side oi the main tract. The canal is a necessary adjunct or appendage to the property. It can not be divided, and its exclusive ownership by one of the parties would greatly decrease the value of the property.
The District Judge, who is acquainted with the location, and was in a position to give full weight to the testimony, says: “ It is impossible to make a division in kind of the whole property.”
The defendant offered to waive her claim to the buildings on the main tract. This same proposition was made by defendants in the case of Soniat vs. Supple, 48 An. 296, and in that case we decided that such a proposition was in the nature of a convention to be made by the parties to the suit, and could not be entertained by the court to influence the judgment to be rendered.
*918 The stubble gave no permanent improvement to the place, and the evidence, as the trial judge states, did not clearly establish that the stubble gave any increased value to the property. The seed cane is the plaintiff’s separate property. It had been cultivated and raised by him, and can be disposed of by him at his pleasure.
Judgment affirmed.